RECEIVED
IN LAKE CHARLES, LA
AUG 21 2012
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:06 CR 20089-14 |
| VS. | : | JUDGE MINALDI |
| ROBERTO ZAMORA | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Currently pending before the court is a Motion to Vacate, Set Aside or Correct Sentence (Rec. Doc. 908) pursuant to 28 U.S.C. §2255 filed by the defendant, Roberto Zamora ("Zamora"). The Government filed an Answer (Rec. Doc. 914).

### PROCEDURAL HISTORY[1]

On August 9, 2006, Roberto Zamora was charged along with several individuals in a multi-count indictment. Zamora was charged with one count of conspiracy to possess with intent to distribute cocaine (5 kilograms or more), marijuana, Ecstacy and other controlled substances, in violation of 21 U.S.C. § 846. Count Five charged defendant with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). On March 11, 2009, Zamora was charged in a superseding indictment which added Fletcher Freeman, Jr. as a defendant. The charges against Zamora were unchanged except for the conspiracy alleged in Count One was limited to cocaine only (5 kilograms or more). (Rec. Docs. 1, 398).

On November 21, 2006, Steven C. Coward ("Coward") was appointed to represent the

---

[1] As summarized by the Government.

defendant. (Rec. Doc. 93). On December 18, 2007, Steven Coward filed a motion to withdraw as attorney. (Rec. Doc. 242). This motion was granted. (Rec. Doc. 251).

On February 14, 2008, attorney, Pride J. Doran ("Doran"), was appointed to represent the defendant. (Rec. Doc. 271). On March 10, 2008, through his attorney, Doran, the defendant filed a motion to suppress. (Rec. Doc. 372). Part of the motion to suppress was granted. The Court held that the defendant, prior to being Mirandized, made a statement about a weapon in the house, and the weapon was located as a result of the statement. Therefore, the weapon and the statement were suppressed. (Rec. Doc. 442).

On May 26, 2009, after the Court had reopened the motion to suppress and had accepted additional evidence, the Court ruled that the statement remain suppressed and inadmissible, but the firearm was admissible. (Rec. Doc. 486).

On November 13, 2009, the defendant was found guilty as to Counts One and Five by a jury. (Rec. Docs. 582, 588). On March 16, 2010, the defendant was sentenced to 120 months imprisonment as to Count One and 60 months as to Count Five. The sentences are to run consecutively. (Rec. Doc. 672).

On March 29, 2010, the attorney, Pride Doran, filed a motion to withdraw as attorney, which was granted on April 6, 2010. (Rec. Docs. 687, 694). On April 7, 2010, Thomas Bevans enrolled as counsel for the defendant. (Rec. Doc. 693).

On October 19, 2011, the Fifth Circuit affirmed the defendant's conviction and sentence. (Rec. Doc. 875). The mandate was entered into the district court on November 18, 2011. (Rec. Doc. 875).

## FACTS

The opinion by the Fifth Circuit indicates that the defendant was involved in a conspiracy which was responsible for transporting drugs by car from Mexico into the United States. Chapa-Duran led the conspiracy. The distinguishing feature of the conspiracy was the modification of the dashboards of Volkswagen Beetles for the storage of drugs.

The defendant was arrested in Houston on April 4, 2006 as a result of a tip from a confidential informant. The vehicle which the defendant was driving was stopped. Although the drug dog alerted to the car, no drugs were found in the car.

The officers searched the defendant's house and found .7 grams of cocaine, a money counter, a drug ledger, packaging materials used for trafficking cocaine, marijuana, and a firearm. A drug sniffing dog alerted to the Volkswagen parked in the garage. Approximately 4 kilograms of cocaine were found in the Volkswagen. As was the case with the other Volkswagens used by this conspiracy, the dashboard of the Volkswagen had been modified for the transportation of cocaine. The officers further learned that this Volkswagen had previously been used by members of the Chapa-Duran conspiracy. (Rec. Doc. 875).

## LAW

Zamora argues ineffective assistance of counsel in his §2255 motion. Evaluating whether counsel was ineffective is subject to the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The test requires first, "a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and second, a showing that the deficient performance so prejudiced the defense that

the defendant was deprived of a fair and reasonable trial.[2] The burden that *Strickland* poses on a defendant is severe.[3]

One way to satisfy the deficiency prong of the *Strickland* test is for the defendant to demonstrate that counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional standards.[4] Given the almost infinite variety of trial techniques and strategies available to counsel, this court must be careful not to second guess legitimate strategic choices which may now, in retrospect, seem questionable or even unreasonable. The Fifth Circuit has stressed that, "great deference is given to counsel, 'strongly presuming that counsel has exercised reasonable professional judgment.'"[5]

In evaluating counsel's alleged ineffective assistance "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding."[6] Rather, the defendant must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine such confidence in the outcome.[7]

---

[2] *Uresti v. Lynaugh*, 821 F.2d 1099, 1101 (5th Cir. 1987) (quoting *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064); *United States v. Gibson*, 985 F.2d 212, 215 (5th Cir. 1993).

[3] *Proctor v. Butler*, 831 F.2d 1251, 1255 (5th Cir. 1987).

[4] *Martin v. McCotter*, 798 F.2d 813, 816 (5th Cir. 1986), *cert. den.*, 107 S.Ct. 934, 479 U.S. 1056, 93 L.Ed.2d 985 (1987).

[5] *Id.* at 816 (quoting *Lockart v. McCotter*, 782 F.2d 1275, 1279 (5th Cir. 1986), *cert. den.*, 479 U.S. 1030, 107 S.Ct. 873, 93 L.Ed.2d 827 (1987)).

[6] *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2067.

[7] *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

The defendant alleges ineffective assistance of counsel in plea negotiations and with regard to the "minor role question" (p.5 of defendant's brief) at sentencing.

Zamora asserts that appointed counsel, Steven C. Coward, who represented the defendant for approximately a year and a half, only met with him two or three times and never discussed a plea agreement. Likewise, Zamora asserts that even though appointed counsel Pride J. Doran mentioned a plea agreement, he never showed it to the defendant. The defendant went to trial and is asserting that he may not have elected to do so, had a plea agreement been offered.

Though the standard for counsel's performance is not determined solely by reference to codified standards of professional practice, these standards can be important guides. The American Bar Association recommends defense counsel "promptly communicate and explain to the defendant all plea offers made by the prosecuting attorney," ABA Standards for Criminal Justice, Pleas of Guilty 14–3.2(a) (3d ed. 1999), and this standard has been adopted by numerous state and federal courts over the last 30 years. See, e.g., *United States v. Rodriguez Rodriguez*, 929 F.2d 747, 752 (C.A.1 1991) *(per curiam)*; *Pham v. United States*, 317 F.3d 178, 182 (C.A.2 2003); *United States ex rel. Caruso v. Zelinsky*, 689 F.2d 435, 438 (C.A.3 1982); *Griffin v. United States*, 330 F.3d 733, 737 (C.A.6 2003); *Johnson v. Duckworth*, 793 F.2d 898, 902 (C.A.7 1986); *United States v. Blaylock*, 20 F.3d 1458, 1466 (C.A.9 1994); cf. *Diaz v. United States*, 930 F.2d 832, 834 (C.A.11 1991).

The Supreme Court has recently issued two decisions addressing the question of ineffective assistance of counsel with regard to a defendant's rejection of a plea agreement. *Lafler v. Cooper*, 566 U.S. ——, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012) and *Missouri v. Frye*, 566 U.S. ——, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012).

The prosecution and the trial courts may adopt some measures to help ensure against late, frivolous, or fabricated claims after a later, less advantageous plea offer has been accepted or after a trial leading to conviction with resulting harsh consequences. *Missouri v. Frye,* 132 S.Ct. 1399, 1408 -1410 (U.S. Mo., 2012). In the case at bar, the defendant is alleging that defense counsel did not communicate the formal offers. As a result of that allegedly deficient performance, the offers lapsed. Under *Strickland,* the question then becomes what, if any, prejudice resulted from the breach of duty.

To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, a defendant must demonstrate a reasonable probability he would have accepted the plea offer had he been afforded effective assistance of counsel. The defendant must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it. To establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time. *Missouri v. Frye,* 132 S.Ct. 1399, 1409; Cf. *Glover v. United States,* 531 U.S. 198, 203, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001) ("[A]ny amount of [additional] jail time has Sixth Amendment significance").

In *Lafler,* a defendant charged with assault with intent to commit murder and other charges was offered a plea agreement that included a recommendation for a sentence of 51 to 85 months. 132 S.Ct. at 1383. Counsel advised the Defendant to reject the offer because, counsel said, the prosecution could not establish intent to commit murder. *Id.* Both sides agreed that the advice was deficient. *Id.* at 1384. The Defendant proceeded to trial, was convicted and received a sentence of

185 to 360 months. *Id.* at 1383.

The *Lafler* Court stated:

> Defendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process. During plea negotiations defendants are "entitled to the effective assistance of competent counsel" .... In this case all parties agree the performance of respondent's counsel was deficient when he advised respondent to reject the plea offer on the grounds he could not be convicted at trial ....

The question for this Court is how to apply *Strickland's* prejudice test where alleged ineffective assistance results in a rejection of the plea offer and the defendant is convicted at the ensuing trial. *United States v. Stockton,* 2012 WL 2675240, 5(D.Md.,2012). To establish *Strickland* prejudice a defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice. *Lafler* at 1384 (citations omitted).

The instant case has elements in common with both *Frye* and *Lafler.* Zamora contends that he was uninformed by Coward of the plea agreement offer (as in *Frye,* 132 S.Ct. at 1404) and that he was he given incompetent advice by Doran to *reject* the offer and proceed to trial (as in *Lafler,* 132 S.Ct. at 1384).

The Government asserts that the facts alleged by Zamora do not support relief under *Frye* or *Lafler* because Zamora alleges that Coward did nothing to represent him effectively, including negotiating a plea. The Government introduces evidence to show that Coward was negotiating with the Government. Even so, there is no evidence that Coward conveyed that plea offer to Zamora.

The defendant alleges that his next attorney, Doran, mentioned a plea agreement, but never showed it to him, nor did he explain the details of the proposed plea. Doran merely informed

7

Zamora that "the plea supposedly was guilty with a sentence of 15 to life." Implicit in his decision to proceed to trial is Doran's failure to explain the details of the proposed plea agreement and his advice not to accept a sentence of 15 years to life.

In order to complete a showing of *Strickland* prejudice, a defendant who has shown a reasonable probability he would have accepted the earlier plea offer must also show that, if the prosecution had the discretion to cancel it or if the trial court had the discretion to refuse to accept it, there is a reasonable probability neither the prosecution nor the trial court would have prevented the offer from being accepted or implemented. This further showing is of particular importance because a defendant has no right to be offered a plea, see *Weatherford*, 429 U.S., at 561, 97 S.Ct. 837, nor a federal right that the judge accept it, *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). The Federal Rules and Supreme Court precedents give trial courts leeway to accept or reject plea agreements, see Fed. Rule Crim. Proc. 11(c)(3); *Boykin v. Alabama*, 395 U.S. 238, 243–244, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). It can be assumed that in most jurisdictions prosecutors and judges are familiar with the boundaries of acceptable plea bargains and sentences. So in most instances it should not be difficult to make an objective assessment as to whether or not a particular fact or intervening circumstance would suffice, in the normal course, to cause prosecutorial withdrawal or judicial nonapproval of a plea bargain. The determination that there is or is not a reasonable probability that the outcome of the proceeding would have been different absent counsel's errors can be conducted within that framework. *Frye*, at 1408-1410.

Zamora argues that several of his co-defendants were offered and accepted plea agreements. The Government did not withdraw the plea agreements and this court accepted these agreements. There is no reason to anticipate that the court would have done otherwise with Zamora.

He further argues that since his motion to suppress had been denied and drugs were found in his vehicle, it would have been foolish to proceed to trial to "challenge his guilt" (Defendant's brief, p. 4) has a plea agreement been offered. Zamora argues that his decision to proceed to trial resulted in the absence of effective legal counsel.

Zamora moves this court to hold an evidentiary hearing to review the facts and the law with respect to counsel's failure to explain the offered plea agreement. The record is void of any evidence of any effort by trial counsel to communicate the offer to Zamora. Nor is there evidence that his conduct interfered with trial counsel's ability to do so. It is difficult for Zamora to prove a negative, i.e., that he did not receive details of the proposed plea agreement from either Coward or Doran. Therefore, the court will order a hearing and give the Government the opportunity to present evidence that counsel did convey the offer to the defendant. In the absence of such proof, this court will find that counsel's representation fell below an objective standard of reasonableness. *Strickland, supra,* at 688, 104 S.Ct. 2052; *Frye* at 1410.

Zamora's second ground for arguing ineffective assistance of counsel is that his trial counsel and appeal counsel both failed to argue that since he was held responsible for only four kilograms of cocaine, his mandatory minimum sentence should have been five, rather than ten, years imprisonment. He argues that there is an inconsistency not argued by his attorneys because he was denied an adjustment at sentencing for a minor or minimum role, yet he was sentenced based on amount in excess of five kilograms. Zamora argues that he should have been sentenced based upon the amount of drugs found in his home and vehicle, approximately four kilograms, resulting in a lower mandatory minimum.

The jury found Zamora guilty of Counts One and Five of the Indictment. Count One was

conspiracy with intent to distribute over five kilograms of cocaine. Count Five was possession of a firearm in furtherance of a drug trafficking crime. He was sentenced to the mandatory minimum for possession of over five kilograms. His conviction was affirmed on appeal.

Counsel was not ineffective for failing to raise this argument as it is meritless. An attorney's failure to raise a meritless argument cannot form the basis of a successful ineffective assistance of counsel claim. *Paredes v. Quarterman*, 574 F.3d 281, 291 (5th Cir. 2009); *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999). Accordingly, the §2255 motion as it pertains to this argument will be denied and a hearing will be set to determine the merits of Zamora's first argument.

Lake Charles, Louisiana, this 20 day of August, 2012.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE